# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Petition for Warrant for Offender on Supervision

Name: Dontre Woodruff  Docket Number: 3:22CR00018-002

Name of Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: July 17, 2023

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: Time served and one year of supervised release

Type of Supervision: Supervised release  Date Supervision Commenced: July 17, 2023

Assistant U.S. Attorney: Rachel Stephens  Defense Attorney: W. Justin Adams

### PETITIONING THE COURT

☐ To Issue a Summons
☒ To Issue a Warrant
☐ To Consider Additional Violations\Information

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☒ The Issuance of a Warrant
    ☒ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 16th day of Oct., 2023, and made part of the record in the above case.

_____
Honorable Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 16th day of October, 2023.

_____
Amanda M. Foutch
Senior U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **You shall refrain from any unlawful use of a controlled substance.** |

Mr. Woodruff tested positive for controlled substances on the following dates:

| July 31, 2023 | cocaine (denied use, confirmed by testing lab) |
| August 23, 2023 | cocaine and fentanyl (admitted use of both) |

2. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office. The defendant shall pay all or part of the costs for substance abuse treatment if the probation officer determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

Mr. Woodruff has failed to report for random drug testing on the following dates:

August 11, 2023
August 15, 2023
August 31, 2023
September 12, 2023
September 21, 2023
October 3, 2023
October 12, 2023

Mr. Woodruff does not consistently call the drug testing line in order to learn of his random drug tests. Even after the probation officer redirected Mr. Woodruff to call the line, so he does not miss tests, he still does not call and continues to miss random drug tests. Of note, Mr. Woodruff has not called the testing line since September 12, 2023.

Additionally, due to his failure to communicate, the probation officer has been unable to refer Mr. Woodruff for treatment services.

3. **You must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

        Since beginning supervision in July 2023, Mr. Woodruff has not provided verification of any full-time or part-time employment he may have obtained. To date, the probation officer is unaware of any employment held by Mr. Woodruff since his release from custody in July 2023.

4. **You must follow the instructions of the probation officer related to the conditions of supervision.**

        Mr. Woodruff has failed to submit monthly supervision reports for the months of July (due August 5th), August (due September 5th), and September (due October 5th).

        Additionally, Mr. Woodruff has failed to contact, return any phone calls or emails from the probation officer, or report to the probation office since August 28, 2023.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Dontre Woodruff began his one-year term of supervised release on July 17, 2023, and his supervision is due to terminate on July 16, 2024. Mr. Woodruff's current residency and employment status are unknown to this officer.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
Mr. Dontre Woodruff has failed to communicate with the probation officer since August 28, 2023, and all efforts to make contact with him, via telephone, email, and in person, have been unsuccessful. At this time, his whereabouts and status are unknown to this officer. It is respectfully recommended that a warrant be issued for Mr. Woodruff's arrest so that he may appear before Your Honor to answer his violation behavior reported above.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DONTRE WOODRUFF  CASE NO. 3:22-CR-00018-002

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:**   POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | 2 years (Class C felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | 8 months |
| **Supervised Release:** | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G § 5D1.2(a)(2) | None to follow |

**Statutory Provisions:**

Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583(g)(3) if the defendant refuses to comply with drug testing imposed as a condition of supervised release; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**

U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

_/s/ Britton Shelton_  
Britton Shelton  
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Dontre Woodruff
2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:22CR00018 - 2
3. **District/Office**  Middle District of Tennessee - Nashville
4. **Original Sentence Date**  7 / 17 / 2023
   *month   day   year*
5. **Original District/Office** _____
   *(if different than above)*
6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____
7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from any unlawful use of a controlled substance. | C |
| Shall participate in a program of drug testing and substance abuse treatment. | C |
| Must work full-time at a lawful type of employment. | C |
| Must follow instructions of USPO related to the conditions of supervision. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  —  C
9. **Criminal History Category** *(see §7B1.4(a))*  —  VI
10. **Range of Imprisonment** *(see §7B1.4(a))*  —  8 - 14 months
11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Dontre Woodruff

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____        Community Confinement _____
    Fine($)       _____        Home Detention            _____
    Other         $100 Special Assessment    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002